DYKEMA GOSSETT LLP
James P. Feeney (219045)
jfeeney@dykema.com
Dommond E. Lonnie (142662)
dlonnie@dykema.com
Abirami Gnanadesigan (263375)
agnanadesigan@dykema.com
333 South Grand Avenue
Suite 2100
Los Angeles, CA 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850

Attorneys for Defendant
FCA US LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN and SARAH WILDIN individually, and on behalf of a class of similarly situated individuals, <br><br> Plaintiffs, <br><br> vs. <br><br> FCA US LLC, a Delaware limited liability company, <br><br> Defendant. | Case No. 17CV2594 GPC MDD <br><br> Assigned to Hon. Gonzalo P. Curiel <br> Courtroom: 2D <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT FCA US LLC'S MOTION TO DISMISS PLAINTIFFS' CLRA CLAIM PURSUANT TO FED.R.CIV.P. 12(b)(6)** <br><br> [*Filed Concurrently with Declaration of Dommond E. Lonnie and Request for Judicial Notice In Support of Motion to Dismiss*] <br><br> Date: April 13, 2018 <br> Time: 1:30 p.m. <br><br> Complaint Filed: December 30, 2017 <br> Trial Date: TBD |

Defendant FCA US LLC ("FCA") submits this Memorandum of Points and Authorities in support of its Motion to Dismiss Plaintiffs Ryan and Sarah Wildin, individually, and on behalf of a class of similarly situated individuals' ("Plaintiffs") claim under the California Consumer Legal Remedies Act ("CLRA").

## I. INTRODUCTION

This is a putative consumer class action involving 2017-2018 Chrysler Pacifica vehicles that allegedly contain a stalling defect that causes the vehicle engine to shut off or stall without warning. These vehicles were designed and manufactured by FCA. Plaintiffs' Complaint sets forth a cause of action under the CLRA alleging that FCA concealed or failed to disclose the existence of the purported defect to Plaintiffs and the putative class, and had Plaintiffs known that the subject vehicles contained this defect, they would not have purchased or leased the vehicles, or would have paid less for them. (Complaint, ¶81).

By way of their CLRA cause of action, Plaintiffs seek actual damages (including monetary and compensatory damages), punitive damages, and injunctive and equitable relief. (Complaint, ¶¶84-86). Plaintiffs acknowledge on the face of the Complaint that the CLRA contains a strict thirty-day pre-lawsuit notice requirement in an action for damages. (Complaint, ¶86). However, Plaintiffs failed to comply with this notice requirement. Plaintiffs' Complaint was filed on or about December 30, 2017, and served on or about January 17, 2018. Plaintiffs served their initial CLRA notice on or about December 28, 2017; only *two days* before filing this lawsuit and *twenty days* before serving the Complaint. Moreover, in response to Plaintiffs' untimely CLRA notice, FCA offered an appropriate correction or repair remedy which in and of itself bars Plaintiffs' CLRA claim. Civil Code Section 1782(b). *See* Declaration of Dommond Lonnie ("Lonnie Decl.,¶¶ 1,2).

Because Plaintiffs failed to comply with the strict notice requirement of the CLRA and eliminated FCA's opportunity to address Plaintiffs' concerns prior to being forced to litigate the matter, FCA moves to dismiss Plaintiffs' CLRA damages

claim with prejudice in accordance with the substantial precedent to do so in this district.

## II. ARGUMENT

### A. Legal Standard on Motion to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is proper where there is either a "lack of a cognizable legal theory" or the "absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a motion to dismiss, the plaintiff must allege enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While a plaintiff need not give "detailed factual allegations," a plaintiff must plead sufficient facts that, if true, "raise a right to relief above the speculation level." Id. at 545. "[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). A court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Mktg. Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998).

### B. This Court Should Dismiss Plaintiffs' CLRA Damages Claim for Failing to Comply with the CLRA's Prelawsuit Notice Requirements

California Civil Code Section 1782 provides in relevant part:

(a) Thirty days or more prior to the commencement of an action for damages pursuant to this title, the consumer shall do the following:

> (1) Notify the person alleged to have employed or committed methods, acts, or practices declared unlawful by Section 1770 of the particular alleged violations of Section 1770.

>  (2) Demand that the person correct, repair, replace or otherwise rectify the goods or services alleged to be in violation of Section 1770.
>
> (b)  Except as provided in subdivision (c), no action for damages may be maintained under section 1780 if an appropriate correction, repair, replacement, or other remedy is given, or agreed to be given within a reasonable time, to the consumer within 30 days after receipt of the notice.

"The CLRA's notice requirement is not jurisdictional, but compliance with this requirement is necessary to state a claim." *See Outboard Marine Corp. v. Superior Court*, 52 Cal.App.3d 30, 40-41 (1975).  "[T]he clear intent of the [CLRA] is to provide and facilitate pre-complaint settlements of consumer actions wherever possible and to establish a limited period during which such settlement may be accomplished." *Id.* at 41. "A 'literal application of the notice provisions' is the 'only way' to accomplish the CLRA's purposes." *Keilholtz v. Superior Fireplace Co.*, No. 09-00836, 2009 U.S. Dist. LEXIS 30732 (N.D. Cal. March 30, 2009) (internal citations omitted).

Here, Plaintiffs seek actual damages (including monetary and compensatory damages) and punitive damages, in addition to injunctive and equitable relief under their cause of action for violation of the CLRA. (Complaint, ¶¶84-86). Plaintiffs allege that they provided FCA with notice of its purported violations of the CLRA pursuant to California Civil Code Section 1782(a). (Complaint, ¶86).  However, Plaintiffs served their initial CLRA notice on FCA on or about December 28, 2017; only *two days* before filing this lawsuit and *twenty days* before serving the Complaint on FCA.  *See* Lonnie Decl.,¶ 1.

In response to Plaintiffs' untimely CLRA notice, on January 26, 2018, FCA offered a timely and appropriate correction or repair remedy.  Specifically, FCA offered to arrange for an inspection of Plaintiffs' vehicle, and to update the vehicle with new engine control software if needed. *See* Lonnie Decl.,¶ 2.  Plaintiffs ignored

3
MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO DISMISS
CASE NO. 17CV2594 GPC MDD

FCA's offer, and failed to dismiss their CLRA damages claim that was filed prematurely. *See* Lonnie Decl., ¶¶ 1, 2.[1]

This Court has consistently held that failure to strictly comply with the CLRA notice requirement warrants dismissal of CLRA damages claims with prejudice, and FCA urges the Court to follow this precedent. *See Cattie v. Wal–Mart Stores, Inc.*, 504 F. Supp. 2d 939, 949-950 (S.D. Cal. 2007) (holding that "compliance with this requirement is necessary to state a claim" and dismissing CLRA claim with prejudice where "Plaintiff claimed damages without giving Defendants the statutorily required opportunity for settlement."); *Laster v. TMobile USA, Inc.*, 407 F. Supp. 2d 1181, 1196 (S.D. Cal. 2005) (dismissing CLRA claim with prejudice, noting that California law does not distinguish between inadvertence or willful disregard of the notice requirement, and holding that "[s]trict adherence to [section 1782's] notice provision is required to accomplish the Act's goals of expeditious remediation before litigation."); *Von Grabe v. Sprint PCS*, 312 F. Supp. 2d 1285, 1303-04 (S.D. Cal. 2003) (granting motion to dismiss CLRA claim with prejudice because plaintiff failed to serve a timely demand letter). Because FCA did not receive timely notice of Plaintiffs' CLRA damages claims, and did not receive the opportunity to settle such claims prior to the filing of this litigation, Plaintiffs' CLRA claim should be

---

[1] The district court may incorporate by reference documents outside of the pleadings. *Davis v. HSBC Bank Nevasa, N.A.*, 691 F.3d 1152, 1159 (9th Circuit 2012). The Court "may consider material which is properly submitted as part of the complaint on a motion to dismiss without converting the motion to dismiss into a motion for summary judgment." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (internal citation omitted); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions," in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.) The court may take judicial notice of documents alleged in the complaint, but not attached to the complaint, when the authenticity of the documents is not in dispute. *See, e.g., Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) ("[D]ocuments whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a…motion to dismiss.")

dismissed with prejudice.  Moreover, FCA's offer to resolve this claim after receipt of the untimely notice also supports dismissal of Plaintiffs' CLRA damages claim. Civ. Code § 1782(b).

### III. CONCLUSION

For the reasons stated above, FCA respectfully requests that this Court enter an order dismissing Plaintiffs' CLRA claim with prejudice.

Dated:  February 7, 2018

DYKEMA GOSSETT PLLC
James P. Feeney
Dommond E. Lonnie
Abirami Gnanadesigan

By: /s/ James P. Feeney
James P. Feeney
Dommond E. Lonnie
Abirami Gnanadesigan
Attorneys for Defendant

# PROOF OF SERVICE

*Ryan and Sarah Wildin v. FCA US, LLC*
*U.S. Southern District Court Case No.: 17CV2594 GPC MDD*

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 333 South Grand Avenue, Suite 2100, Los Angeles, California 90071.

On February 7, 2018, I served the foregoing document described as:

**[PLEASE SEE ATTACHED LIST OF DOCUMENTS]**

on all interested parties in this action as follows:

Tarek H. Zohdy, Esq.
CAPSTON LAW, APC
1875 Century Park East, Suite 1000
Los Angeles, CA 90067

☐ **(BY MAIL)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on the same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing on affidavit.

☒ **(BY CM/ECF)** As addressed to all parties appearing on the Court's ECF service list in this action via the Southern District of California's Court's CM/ECF system, and shall be available for viewing and downloading from the ECF system.

☐ **(BY OVERNIGHT SERVICE)** Via FedEx Express.

☒ **(FEDERAL)** I declare under penalty of perjury that the foregoing is true and correct.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 7, 2018 at Los Angeles, California.

Mildred Murillo

1
PROOF OF SERVICE

## LIST OF DOCUMENTS

1. MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT FCA US LLC'S MOTION TO DISMISS PLAINTIFFS' CLRA CLAIM PURSUANT TO FED.R.CIV.P. 12(b)(6)
2. ORDER GRANTING FCA US LLC'S MOTION TO DISMISS PLAINTIFFS' CLRA CLAIM PURSUANT TO FED.R.CIV.P. 12(b)(6)
3. FCA US LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' CLRA CLAIM PURSUANT TO FED.R.CIV.P. 12(b)(6)
4. REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT FCA US LLC'S MOTION TO DISMISS PLAINTIFFS' CLRA CLAIM PURSUANT TO FED.R.CIV.P. 12(b)(6)
5. DECLARATION OF DOMMOND E. LONNIE IN SUPPORT OF DEFENDANT FCA US LLC'S MOTION TO DISMISS PLAINTIFFS' CLRA CLAIM PURSUANT TO FEDR.CIV.P. 12(b)(6)

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE, SUITE 2100
LOS ANGELES, CA 90071

2
PROOF OF SERVICE