DYKEMA GOSSETT LLP
James P. Feeney (219045)
jfeeney@dykema.com
Dommond E. Lonnie (142662)
dlonnie@dykema.com
Abirami Gnanadesigan (263375)
agnanadesigan@dykema.com
333 South Grand Avenue
Suite 2100
Los Angeles, CA 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850

Attorneys for Defendant
FCA US LLC

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RYAN and SARAH WILDIN individually, and on behalf of a class of similarly situated individuals,<br><br>        Plaintiffs,<br><br>    vs.<br><br>FCA US LLC, a Delaware limited liability company,<br><br>        Defendant. | Case No. 17CV2594 GPC MDD<br><br>Assigned to Hon. Gonzalo P. Curiel<br>Courtroom: 2D<br><br>**DECLARATION OF DOMMOND E. LONNIE IN SUPPORT OF DEFENDANT FCA US LLC'S MOTION TO DISMISS PLAINTIFFS' CLRA CLAIM PURSUANT TO FEDR.CIV.P. 12(b)(6)**<br><br>[*Filed Concurrently with Defendant FCA US LLC's Motion To Dismiss Plaintiffs' CLRA Claim Pursuant To Fed.R.Civ.P. 12(B)(6); and Request for Judicial Notice*]<br><br>Date:        April 13, 2018<br>Time:        1:30 p.m.<br><br>Complaint Filed: December 30, 2017<br>Trial Date:        TBD |

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE, SUITE 2100
LOS ANGELES, CA 90071

1

## **TABLE OF CONTENTS**      **Pages**

2   Exhibit A…………………………………………………………………………3

3   Exhibit B…………………………………………………………………………7

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DYKEMA GOSSETT LLP**
**333 SOUTH GRAND AVENUE, SUITE 2100**
**LOS ANGELES, CA 90071**

1

DECLARATION OF DOMMOND E. LONNIE

**DYKEMA GOSSETT LLP**
**333 SOUTH GRAND AVENUE, SUITE 2100**
**LOS ANGELES, CA 90071**

## DECLARATION OF DOMMOND E. LONNIE

I, Dommond E. Lonnie, declare as follows:

I am a member of Dykema Gossett LLP, counsel of record for Defendants FCA US LLC ("FCA"), in this action. I have personal knowledge regarding the facts stated herein and if called as a witness I could and would competently testify to the matters stated below.

1.      The court is respectfully requested to take judicial notice of paragraph 86 of plaintiffs' complaint wherein plaintiffs assert they provided notice of their CLRA claim under Cal. Civil Code section 1782(a).   Attached hereto as Exhibit A is a true and correct copy of plaintiffs December 28, 2017 letter served on FCA as referenced in paragraph 86 of plaintiffs' complaint.  The court is respectfully requested to take judicial notice of the fact that plaintiffs' complaint was filed on December 30, 2017, two days after service of plaintiffs' CLRA notice letter.

2.      Attached hereto as Exhibit B is a true and correct copy of FCA's January 26, 2018, letter served on plaintiffs' counsel wherein FCA offered to inspect plaintiffs' vehicle for stalling problems and to make any needed software repairs to address that problem free of charge to plaintiffs.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 7 day of February, 2018 at Los Angeles, California.


/s/Dommond E. Lonnie
Dommond E. Lonnie

Exhibit A



# Capstone
## LAW APC

1875 Century Park East, Suite 1000
Los Angeles, California 90067
310.556.4811 Main | 310.943.0396 Fax

TAREK H. ZOHDY
310.712.8015 Direct
Tarek.Zohdy@capstonelawyers.com

## PRE-LITIGATION DEMAND TO RESOLVE PUBLIC SAFETY-RELATED DEFECT

December 28, 2017

***Via Certified Mail, Return Receipt Requested
And First Class Mail***

FCA US LLC
**ATTN: Office of General Counsel**
1000 Chrysler Drive
Auburn Hills, MI 48326

FCA US LLC
**ATTN: Office of Vehicle Safety and Regulatory Compliance**
1000 Chrysler Drive
Auburn Hills, MI 48326

Pre-Litigation Demand re:    Chrysler Pacifica Stalling

Dear Sir or Madam:

In an effort to resolve a dispute, prior to litigation, that involves public safety, we are writing this letter on behalf of our clients, Ryan and Sarah Wildin, and all persons residing in the United States who purchased or leased, not for resale, any 2016 to 2017 Chrysler Pacifica ("Chrysler Vehicles"). The Chrysler Vehicles are defective and suddenly stall at speed.

In addition, we are notifying you, pursuant to the California Consumer Legal Remedies Act ("CLRA"), California Civil Code section 1750 *et seq.*, and specifically, sections 1782 (a)(1) and (2), that FCA US LLC ("FCA") has violated section 1770 of the CLRA by warranting, advertising, and selling vehicles that it knew (or should have known) are defective to thousands of consumers in California and throughout the United States.

We notify you specifically that each of the Chrysler Vehicles suffers from numerous latent design and/or manufacturing defects. These defects make the Chrysler Vehicles prone to sudden and complete loss of power, *i.e.* the vehicles stall at speed without warning (the "Stalling Defect").

CASE NO. 17CV2594 MDD

The defective design and/or manufacture of the Chrysler Vehicles presents a safety hazard and makes them unreasonably dangerous.  Among other problems, this Stalling Defect impairs or prevents driver control, which can contribute to collisions and result in personal injury or death.

Our clients, Mr. and Mrs. Wildin, are California citizens who live in Hemet, California. They are "consumers" as defined by California Civil Code § 1761(d).  In or around September of 2016, the Wildins purchased a 2017 Chrysler Pacifica from Carl Burger Chrysler Jeep Ram, an FCA-authorized Chrysler dealer in San Diego County.  The vehicle bore the VIN 2C4RC1DG8HR509086. Their vehicle has repeatedly exhibited the Stalling Defect described herein.  Mr. and Mrs. Wildin have suffered a loss as a result.

FCA, through its own internal testing, records of customer complaints, dealership repair orders, and various other internal sources, was aware and knew of the Stalling Defect. However, FCA failed to disclose and actively concealed the Stalling Defect from consumers at the time of purchase or lease and thereafter.

FCA's conduct in warranting, advertising, and selling the Chrysler Vehicles, knowing that they contained multiple design and/or manufacturing defects, constitutes the following violations of section 1770:

1.  FCA represented that the Chrysler Vehicles had characteristics or benefits they did not have (§ 1770 (a)(5));

2.  FCA has falsely represented that the Chrysler Vehicles were of a particular standard, quality, or grade when they are of another (§ 1770 (a)(7));

3.  FCA advertised the Chrysler Vehicles with the intent not to sell them as advertised (§ 1770 (a)(9));

4.  FCA represented that a transaction confers or involves rights, remedies, or obligations it does not have or involve (§ 1770 (a)(14)); and

5.  FCA represented that its goods have been supplied in accordance with a previous representation when they have not (§ 1770 (a)(16)).

To resolve the public safety concerns caused by the Stalling Defect and pursuant to section 1782 of the CLRA, based on the foregoing, Plaintiffs hereby demand that within thirty (30) days of receiving this letter, FCA:

1.  Notify all persons residing in the United States who purchased or leased a Chrysler Vehicle about the Stalling Defect;

2.  Cease and desist from further deceptive distribution, sales, and lease practices with respect to the Chrysler Vehicles and repurchase or replace

with a suitable alternative product Chrysler Vehicles owned or leased by individuals residing in the United States;

3.    Pay all costs of repairing or replacing the Chrysler Vehicles owned or leased by any individual residing in the United States, so that the Chrysler Vehicles no longer suffer from the Stalling Defect;

4.    Pay all costs of repairing or replacing any other parts of the Chrysler Vehicles owned or leased by any individual residing in the United States that were damaged as a result of the Stalling Defect;

5.    Reimburse any and all individuals residing in the United States who currently own or lease a Chrysler Vehicle for all expenses already incurred due to the Stalling Defect, including reimbursing all individuals for all their consequential and/or incidental damages;

6.    Reimburse any and all individuals residing in the United States who owned or leased a Chrysler Vehicle for all expenses incurred due to the Stalling Defect, including consequential and/or incidental damages;

7.    Provide monetary compensation, plus interest, to all owners and/or lessees of the Chrysler Vehicles in the United States who have been damaged as a result of FCA's conduct alleged herein; and

8.    Provide all owners and/or lessees of the Chrysler Vehicles with new or extended warranty coverage on the transmission and related components (i.e. extending the transmission warranty to 10 years and 120,000 miles).

Unless FCA takes such action as demanded above within (30) days after receipt of this letter, we intend to bring suit for damages pursuant to the CLRA on behalf of all owners and lessees of the Chrysler Vehicles who reside in California and throughout the United States.

If you have any questions regarding this notice and demand, please contact me at 310-556-4811.

Sincerely,

Tarek H. Zohdy

CASE NO. 17CV2594 MDD

5 (Exh. A)



Capstone
LAW
1875 Century Park East, Ste 1000
Los Angeles, CA 90067

7010 2780 0003 1941 8977

FCA US LLC
ATTN: OFFICE OF GENERAL COUNSEL
1000 CHRYSLER DRIVE
AUBURN HILLS MI 48326

6 (Exh. A)

CASE NO. 17CV2594 MDD

Exhibit B



Dykema Gossett LLP
333 South Grand Avenue
Suite 2100
Los Angeles, CA 9007

**James P. Feeney**
Direct Dial: (248) 203-0841
Email: JFeeney@dykema.com
**Dommond E. Lonnie**
Direct Dial: (213) 457-1712
Direct Fax: (855) 221-0923
Email: DLonnie@dykema.com

January 26, 2018

**Via Federal Express**

Tarek H. Zohdy, Esq.
CAPSTON LAW, APC
1875 Century Park East, Suite 1000
Los Angeles, CA 90067

Re:   Ryan & Sarah Wildin
      2017 Chrysler Pacifica Stalling
      VIN: 2C4RC1DG8HR509086

Dear Mr. Zohdy:

Our office represents FCA US LLC ("FCA US").  FCA US asked us to respond to your
December 28, 2017, letter which purports to provide notice of Ryan and Sarah Wildin's
("WILDIN") claim made under the California Consumers Legal Remedies Act ("CLRA")
regarding their 2017 Chrysler Pacifica ("PACIFICA"), VIN: 2C4RC1DG8HR509086.  The
WILDIN claimants assert "their vehicle has repeatedly exhibited the Stalling Defect...[and] have
suffered a loss as a result."

As a threshold matter, the only purported violation of law asserted by the WILDINS relates to
California consumer protection laws.  Therefore, the attempt to assert claims on behalf of
customers outside of the state of California clearly fails. In addition, we do not believe that you
have properly given notice to FCA US under the CLRA on behalf of the WILDINS or any other
customer or groups of customers. The CLRA notice requirements are not mere formalities;
rather, they are intended to "provide and facilitate *pre-complaint* settlements of consumer actions
wherever possible and to establish a limited period during which such settlement may be
accomplished. This clear purpose may only be accomplished by a literal application of the notice
provisions." *Outboard Marine Corp. v. Sup. Ct.* (1975) 53 Cal.App.3d 30, 40-41. Thus, in order

California | Illinois | Michigan | Minnesota | Texas | Washington, D.C.

# DYKEMA

Tarek H. Zohdy, Esq.
January 26, 2018
Page 2

for the notice to be effective, the CLRA requires that the consumer comply with Civil Code
Section 1782, which provides:

> 1782. (a) Thirty days or more *prior to the commencement* of an action for
> damages pursuant to this title, the consumer *shall* do the following:
>
> (1) Notify the person alleged to have employed or committed methods,
> acts, or practices declared unlawful by Section 1770 of the particular
> alleged violations of Section 1770.
>
> (2) Demand that the person correct, repair, replace, or otherwise rectify the
> goods or services alleged to be in violation of Section 1770.
> The notice shall be in writing and shall be sent by certified or registered
> mail, return receipt requested, to the place where the transaction occurred
> or to the person s principal place of business within California.

Civil Code Section 1782(a) instructs that plaintiffs shall provide notice thirty days or more prior
to the commencement of an action for damages. However, Plaintiffs' complaint was filed on
December 30, 2017, and served on January 17, 2018. Your letter implicitly acknowledges the
requirement to wait at least 30 days from notice before filing a lawsuit (ref. p.3 Para.2 of your
12/28/17 letter), but the WILDINS served their initial notice on December 28, 2017, two days
before filing the lawsuit and 20 days before serving the Complaint on FCA US. Plaintiffs clearly
failed to comply with the Code and their action for damages cannot be maintained under the
CLRA.

Although your letter asserts "FCA US failed to disclose and actively concealed the Stalling
Defect from consumers at the time of purchase or lease and thereafter," your letter fails to
specifically identify any facts that support this assertion. Further, you have not identified any
purported false representations made by FCA US to the WILDINS as required under the CLRA.
FCA US is unaware of, and does not believe there are any such misrepresentations or omissions
were made.

In addition, the WILDINS assert "their vehicle has repeatedly exhibited the Stalling Defect
described herein," but Plaintiffs have not provided any information regarding the factual
circumstances of those purported incidents. How many times did this incident occur? What
were the dates, times and locations for the incidents of engine Stalling? What did the WILDINS
do to address the purported Stalling issue? Was the PACIFICA taken to a FCA US dealership?
If so, on what dates and which dealership(s)? Can you please supply the repair orders reflecting
Plaintiffs' complaints about engine stalling and the response from the FCA US dealership(s).

California | Illinois | Michigan | Minnesota | Texas | Washington, D.C.

DYKEMA

Tarek H. Zohdy, Esq.
January 26, 2018
Page 3

After reviewing certain repair and service history information available to FCA US for the
PACIFICA, we are unable to identify any current or ongoing problems with the vehicle related to
an engine stalling claim.  The repair service history reflects:

| Repair Date | Dealer/Payee | Claim Number | Repair Odometer | List Date | Transaction Type |
|---|---|---|---|---|---|
| December 26, 2017 | 60515 – HEMET CHRYSLER DODGE JEEP RAM 05400705 – Control Unit, Brake anti-lock | 078062 | 44,388 Miles | 2018013 | WARRANTY |
| December 13, 2017 | 60515 – HEMET CHRYSLER DODGE JEEP RAM 181905FY – Module, Transmission Control | 077729 | 44,370 Miles | 2017123 | WARRANTY |
| December 6, 2017 | 60515 – HEMET CHRYSLER DODGE JEEP RAM 2680303 – Maintenance-Lube, Oil, and Fil | 077502 | 44,363 Miles | 2017122 | SERVICE WARRANTY |
| December 6, 2017 | 60515 – HEMET CHRYSLER DODGE JEEP RAM 2410019C – Compressor-Conduct A/C Perform 24452593 – Line, suction and liquid inspe 18193195 – Module, Power Liftgate Control 186002PD – Radio-Radio, Check Software Le | 077502 | 44,363 Miles | 2017122 | WARRANTY |
| January 26, 2017 | 41080 – CARL BURGER DODGE CHRYSLER JEEP 26860303 – Maintenance-Lube, Oil and Fil | 42809 | 11,305 Miles | 2017015 | SERVICE CONTRACT |

Even though there is no indication of a Stalling problem reflected in the service history, FCA US
would be willing to arrange an inspection of the WILDIN vehicle for engine Stalling problems
and to update the vehicle with new engine control software, if needed. This work would be
performed at no charge to the WILDINS.  We ask that you convey this offer to your client
immediately because, as you know, no action for damages may be maintained under CCP § 1780
if an appropriate correction or repair remedy is given or agreed to be given within a reasonable
time, to the consumer within 30 days after receipt of the notice.  CCP Section 1782(b).

FCA US takes seriously the concerns raised by its customers and allegations of defects with its
vehicles. Accordingly, if there are any current problems with the PACIFICA that you believe fall
within the warranty coverage, please let us know and we would be happy to consider any
additional information that you have.

California | Illinois | Michigan | Minnesota | Texas | Washington, D.C.

# DYKEMA

Tarek H. Zohdy, Esq.
January 26, 2018
Page 4


Please be advised that nothing in this letter is a waiver or limitation of FCA US's arguments with respect to any and all claims that may be asserted by WILDIN claimants. FCA US reserves all such rights and defenses.

Sincerely,

**DYKEMA GOSSETT** LLP

Dommond E. Lonnie
James P. Feeney

4829-3917-5771.1
086762\000003

California | Illinois | Michigan | Minnesota | Texas | Washington, D.C.

10  (Exh. B)                    CASE NO. 17CV2594 GPC MDD



ORIGIN ID:JBPA   (213) 457-1800
DOMANICI-LONNE
DYKEMA GOSSETT PLLC
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071
UNITED STATES US

TO TAREK H. ZOHDY, ESQ.
CAPSTONE LAW, APC
1875 CENTURY PARK E STE 1000

(310) 556-4811
LOS ANGELES CA 90067
REF: 05456 019556-000999
INV:
PO:
DEPT:

SHIP DATE: 26JAN18
ACTWGT: 0.50LB
CAD: 112113668/WSXI3200

BILL SENDER

MON - 29 JAN 3:00P
STANDARD OVERNIGHT

WZ CIBA

TRK#
[0201]   7894 9379 8033

90067
CA-US
LAX

552J1/8D40/DCA5

J181101801691uv

FedEx
Express

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
FOLD on this line and place in shipping pouch with **bar code and delivery address** visible

1. Fold the first printed page in half and use as the shipping label.
2. Place the label in a waybill pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.
3. Keep the second page as a receipt for your records. The receipt contains the terms and conditions of shipping and information useful for tracking your package.

*Legal Terms and Conditions*

Tendering packages by using this system constitutes your agreement to the service conditions for the transportation of your shipments as found in the applicable FedEx Service Guide, available upon request. FedEx will not be responsible for any claim in excess of the applicable declared value, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the applicable FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of 100 USD or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is 500 USD, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see applicable FedEx Service Guide. FedEx will not be liable for loss or damage to prohibited items in any event or for your acts or omissions, including, without limitation, improper or insufficient packaging, securing, marking or addressing, or the acts or omissions of the recipient or anyone else with an interest in the package. See the applicable FedEx Service Guide for complete terms and conditions. To obtain information regarding how to file a claim or to obtain a Service Guide, please call 1-800-GO-FEDEX (1-800-463-3339).

**PROOF OF SERVICE**
*Ryan and Sarah Wildin v. FCA US, LLC*
*U.S. Southern District Court Case No.: 17CV2594 GPC MDD*

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 333 South Grand Avenue, Suite 2100, Los Angeles, California 90071.

On February 7, 2018, I served the foregoing document described as:

**[PLEASE SEE ATTACHED LIST OF DOCUMENTS]**

on all interested parties in this action as follows:

Tarek H. Zohdy, Esq.
CAPSTON LAW, APC
1875 Century Park East, Suite 1000
Los Angeles, CA 90067

☐ **(BY MAIL)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on the same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing on affidavit.

☒ **(BY CM/ECF)** As addressed to all parties appearing on the Court's ECF service list in this action via the Southern District of California's Court's CM/ECF system, and shall be available for viewing and downloading from the ECF system.

☐ **(BY OVERNIGHT SERVICE)** Via FedEx Express.

☒ **(FEDERAL)** I declare under penalty of perjury that the foregoing is true and correct.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 7, 2018 at Los Angeles, California.

Mildred Murillo

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE, SUITE 2100
LOS ANGELES, CA 90071

**LIST OF DOCUMENTS**

1.   MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT FCA US LLC'S MOTION TO DISMISS PLAINTIFFS' CLRA CLAIM PURSUANT TO FED.R.CIV.P. 12(b)(6)

2.   ORDER GRANTING FCA US LLC'S MOTION TO DISMISS PLAINTIFFS' CLRA CLAIM PURSUANT TO FED.R.CIV.P. 12(b)(6)

3.   FCA US LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' CLRA CLAIM PURSUANT TO FED.R.CIV.P. 12(b)(6)

4.   REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT FCA US LLC'S MOTION TO DISMISS PLAINTIFFS' CLRA CLAIM PURSUANT TO FED.R.CIV.P. 12(b)(6)

5.   DECLARATION OF DOMMOND E. LONNIE IN SUPPORT OF DEFENDANT FCA US LLC'S MOTION TO DISMISS PLAINTIFFS' CLRA CLAIM PURSUANT TO FEDR.CIV.P. 12(b)(6)

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE, SUITE 2100
LOS ANGELES, CA 90071

2