UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFONSO and ARLENE MORAN, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>FCA US LLC,<br><br>Defendant. | Case No.: 3:17-cv-02594-GPC-AHG<br><br>**AMENDED SCHEDULING ORDER AND ORDER GRANTING JOINT MOTION FOR CONTINUANCE**<br><br>**[ECF No. 70]** |

On May 29, 2020, the parties filed a joint motion seeking a 90-day extension of the remaining Scheduling Order deadlines in this case. ECF No. 70.

The Court may modify the scheduling order only for good cause. Fed. R. Civ. P. 16(b)(4). In determining whether the parties have met the "good cause" standard, the Court primarily considers their diligence in conducting discovery thus far. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). That is, the Court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* (quoting Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)).

This is the second request to amend the Scheduling Order that the parties have filed due to the ongoing COVID-19 pandemic. *See* ECF No. 68. The Court previously granted a 60-day extension of the Scheduling Order deadlines on April 7, 2020, for the same reasons given in support of the instant motion. ECF No. 69. Therefore, the Court held a Status Conference with the parties on June 11, 2020, to discuss the newest requested extension. ECF No. 72. Having reviewed the parties' Joint Motion (ECF No. 70), and having further discussed the Court's expectations of the parties moving forward during the Status Conference, the Court finds good cause to **GRANT** the Motion.

Accordingly, **IT IS HEREBY ORDERED**:

1. The deadline to file a class certification motion is **September 15, 2020**.

2. By **October 19, 2020**, each party shall comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure. This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony. **Except as provided in the paragraph below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial.  In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P.  37(c).**

3. Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(D) and 26(e) by **November 2, 2020**.

4. All expert discovery shall be completed by all parties by **November 30, 2020**. The parties shall comply with the same procedures set forth in the paragraph governing fact discovery.  Failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

5. All other pretrial motions, including those addressing Daubert issues related to dispositive motions must be filed by **January 8, 2021**. Pursuant to Honorable Gonzalo P. Curiel's Civil Pretrial & Trial Procedures, all motions for summary judgment shall be

accompanied by a separate statement of undisputed material facts. Any opposition to a summary judgment motion shall include a response to the separate statement of undisputed material facts. Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. Motion papers MUST be filed and served the same day of obtaining a motion hearing date from chambers. A briefing schedule will be issued once a motion has been filed. The period of time between the date you request a motion date and the hearing date may vary. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard.

6. Pursuant to Honorable Gonzalo P. Curiel's Civil Pretrial & Trial Procedures, the parties are excused from the requirement of Local Rule 16.1(f)(2)(a); no Memoranda of Law or Contentions of Fact are to be filed.

7. Counsel shall comply with the pre-trial disclosure requirements of Fed. R. Civ. P. 26(a)(3) by **March 23, 2021**. Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.

8. Counsel shall meet and take the action required by Local Rule 16.1(f)(4) by **April 5, 2021**. At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c). Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Fed. R. Civ. P. 26(a)(3). Counsel shall cooperate in the preparation of the proposed pretrial conference order.

9. Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f). By **April 12, 2021**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval. Opposing counsel must communicate promptly with plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

10. The Proposed Final Pretrial Conference Order, including objections to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the assigned district judge by **April 19, 2021**, and shall be in the form prescribed in and comply with Local Rule 16.1(f)(6).

11. The final Pretrial Conference is scheduled on the calendar of the **Honorable Gonzalo P. Curiel** on **April 26, 2021** at **1:30 pm**. The Court will set a trial date during the pretrial conference. The Court will also schedule a motion in limine hearing date during the pretrial conference.

12. The parties must review the chambers' rules for the assigned district judge and magistrate judge.

13. A post trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

14. The dates and times set forth herein will not be modified except for good cause shown.

15. Briefs or memoranda in support of or in opposition to all motions noticed for the same motion day shall not exceed twenty-five (25) pages in length, per party, without leave of the judge who will hear the motion. No reply memorandum shall exceed ten (10) pages without leave of a district court judge. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

**IT IS SO ORDERED.**

Dated: June 12, 2020

_____
Honorable Allison H. Goddard
United States Magistrate Judge