UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFONSO and ARLENE MORAN, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>FCA US LLC,<br><br>Defendant. | Case No.: 3:17-cv-02594-GPC-AHG<br><br>**AMENDED SCHEDULING ORDER AND ORDER GRANTING JOINT MOTION FOR CONTINUANCE**<br><br>**[ECF No. 82]** |

This matter comes before the Court on the parties' Joint Motion for Order Continuing Pretrial Deadlines. ECF No. 82.

Parties seeking to modify a scheduling order must show good cause. *See* Fed. R. Civ. P 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"). "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Here, the parties seek an extension of all pretrial deadlines, including Plaintiffs'

deadline to file a class certification motion, in order to facilitate settlement efforts. In the same vein, the parties request a settlement conference before the undersigned on February 12, 2021.

Upon review and consultation with the presiding District Judge in this matter, the Court finds the parties have shown good cause to **GRANT** the Joint Motion. Accordingly, **IT IS HEREBY ORDERED**:

1. A Mandatory Settlement Conference ("MSC") shall be conducted **via videoconference**[1] before Magistrate Judge Allison H. Goddard on **February 12, 2021** at **2:00 PM**.

2. Plaintiff must serve on Defendant a **written** settlement proposal, which must include a specific demand amount, no later than **February 1, 2021**. The defendant must respond to the plaintiff **in writing** with a specific offer amount prior to the Meet and Confer discussion. The parties should not file or otherwise copy the Court on these exchanges. Rather, the parties must include their written settlement proposals in their respective Settlement Conference Statements to the Court. Counsel for the parties must meet and confer in person or by phone no later than **February 8, 2021**. Each party must

---

[1] On March 23, 2020, Chief Judge Larry A. Burns amended his original Order in response to the COVID-19 public emergency, which, among other things, excuses personal appearance of counsel and parties at civil court proceedings and notes that judges retain discretion to hold civil proceedings telephonically. *See* CJO #18-A at ¶ 4B. His original order, CJO #18, is available on the Court website at https://www.casd.uscourts.gov/_assets/pdf/rules/Order%20of%20the%20Chief%20Judge%2018.pdf. His amended order, CJO #18-A, which amends paragraph four of CJO #18, is available on the Court website at https://www.casd.uscourts.gov/_assets/pdf/rules/Order%20of%20the%20Chief%20Judge%2018-a.pdf. These orders were extended until mid-January by CJO #52B, which is available on the Court website at https://www.casd.uscourts.gov/_assets/pdf/rules/Order%20of%20the%20Chief%20Judge%2052-B%20-%20Extending%20Renewed%20Suspension%20of%20Jury%20Trials%20and%20Other%20In-Person%20Proceedings.pdf.

prepare a Settlement Conference Statement, which will be served on opposing counsel and lodged with the Court no later than **February 10, 2021**. The Statement must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed).  The substance of the Settlement Conference Statement must comply fully with Judge Goddard's Mandatory Settlement Conference Rules (located at https://www.casd.uscourts.gov/Judges/goddard/docs/Goddard%20Mandatory%20Settlement%20Conference%20Rules.pdf).  Each party may also prepare an **optional** Confidential Settlement Letter for the Court's review only, to be lodged with the Court no later than **February 10, 2021**.  The Letter must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed).  Should a party choose to prepare a Letter, the substance of the Settlement Conference Letter must comply fully with Judge Goddard's Mandatory Settlement Conference Rules.  **All parties are ordered to read and to fully comply with the Chambers Rules and Mandatory Settlement Conference Rules of Magistrate Judge Allison H. Goddard.**

3. The Court will use its official Zoom video conferencing account to hold the Settlement Conference. **If you are unfamiliar with Zoom:** Zoom is available on computers through a download on the Zoom website (https://zoom.us/meetings) or on mobile devices through the installation of a free app.[2] Joining a Zoom conference does not require creating a Zoom account, but it does require downloading the .exe file (if using a computer) or the app (if using a mobile device). Participants are encouraged to create an account, install Zoom and familiarize themselves with Zoom in advance of the Settlement Conference.[3] There is a cost-free option for creating a Zoom account.

---

[2]  If possible, participants are encouraged to use laptops or desktop computers for the video conference, rather than mobile devices.

[3]  For help getting started with Zoom, visit: https://support.zoom.us/hc/en-us/categories/200101697-Getting-Started

4. Prior to the start of the Settlement Conference, the Court will email each participant an invitation to join a Zoom video conference. Again, if possible, participants are encouraged to use laptops or desktop computers for the video conference, as mobile devices often offer inferior performance. Participants shall join the video conference by following the ZoomGov Meeting hyperlink in the invitation. **Participants who do not have Zoom already installed on their device when they click on the ZoomGov Meeting hyperlink will be prompted to download and install Zoom before proceeding**. Zoom may then prompt participants to enter the password included in the invitation. All participants will be placed in a waiting room until the Settlement Conference begins.

5. Each participant should plan to join the Zoom video conference **at least five minutes before** the start of the Settlement Conference to ensure that the conference begins promptly at 2:00 p.m.

6. Zoom's functionalities will allow the Court to conduct the Settlement Conference as it ordinarily would conduct an in-person one. The Court will divide participants into separate, confidential sessions, which Zoom calls Breakout Rooms.[4] In a Breakout Room, the Court will be able to communicate with participants from a single party in confidence. Breakout Rooms will also allow parties and counsel to communicate confidentially without the Court.

7. No later than **February 10, 2021**, counsel for each party shall send an e-mail to the Court at efile_goddard@casd.uscourts.gov containing the following:

    a. The **name and title of each participant**, including all parties and party representatives with full settlement authority, claims adjusters for insured defendants, and the primary attorney(s) responsible for the litigation;

---

[4] For more information on what to expect when participating in a Zoom Breakout Room, visit: https://support.zoom.us/hc/en-us/articles/115005769646

        b.      An **e-mail address for each participant** to receive the Zoom video conference invitation; and

        c.      A **telephone number where each participant** may be reached so that if technical difficulties arise, the Court will be in a position to proceed telephonically instead of by video conference.  (If counsel prefers to have all participants of their party on a single conference call, counsel may provide a conference number and appropriate call-in information, including an access code, where all counsel and parties or party representatives for that side may be reached as an alternative to providing individual telephone numbers for each participant.)

        d.      A **cell phone number for that party's preferred point of contact** (and the name of the individual whose cell phone it is) for the Court to use during the ENE to alert counsel via text message that the Court will soon return to that party's Breakout Room, to avoid any unexpected interruptions of confidential discussions.

    8.    All participants shall display the same level of professionalism during the Settlement Conference and be prepared to devote their full attention to the Settlement Conference as if they were attending in person, i.e., cannot be driving while speaking to the Court. Because Zoom may quickly deplete the battery of a participant's device, each participant should ensure that their device is plugged in or that a charging cable is readily available during the video conference.

Additionally, the Scheduling Order in this action is **AMENDED** as follows:

1.    The deadline to file a class certification motion is <u>**May 14, 2021**</u>.

2.    All expert discovery shall be completed by all parties by <u>**March 31, 2021**</u>. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of

Civil Procedure. **Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a). A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.** The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, the movant must e-mail chambers at efile_goddard@casd.uscourts.gov no later than 45 days after the date of service of the written discovery response that is in dispute, seeking a telephonic conference with the Court to discuss the discovery dispute. The email must include: (1) at least three proposed times mutually agreed upon by the parties for the telephonic conference; (2) a neutral statement of the dispute; and (3) one sentence describing (not arguing) each parties' position. The movant must copy opposing counsel on the email. No discovery motion may be filed until the Court has conducted its pre-motion telephonic conference, unless the movant has obtained leave of Court. **All parties are ordered to read and to fully comply with the Chambers Rules of Magistrate Judge Allison H. Goddard.**

3. Except for motions in limine, all pretrial motions must be filed by <u>**June 14, 2021**</u>. As provided herein, **certain motions, including motions for class certification, must be filed well before this date.** Pursuant to Honorable Gonzalo P. Curiel's Civil Pretrial & Trial Procedures, all motions for summary judgment shall be accompanied by a separate statement of undisputed material facts. Any opposition to a summary judgment motion shall include a response to the separate statement of undisputed material facts. Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. Motion papers MUST be filed and served the same day of obtaining a motion hearing date from chambers. A briefing schedule will be issued once a motion has been filed. The period of time between the date you request a motion date and the hearing date may vary. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard.

4. Pursuant to Honorable Gonzalo P. Curiel's Civil Pretrial & Trial Procedures, the parties are excused from the requirement of Local Rule 16.1(f)(2)(a); no Memoranda of Law or Contentions of Fact are to be filed.

5. Counsel shall comply with the pre-trial disclosure requirements of Fed. R. Civ. P. 26(a)(3) by **August 27, 2021**. Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.

6. Counsel shall meet and take the action required by Local Rule 16.1(f)(4) by **September 10, 2021**. At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c). Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Fed. R. Civ. P. 26(a)(3). Counsel shall cooperate in the preparation of the proposed pretrial conference order.

7. Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f). By **September 17, 2021**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval. Opposing counsel must communicate promptly with plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

8. The Proposed Final Pretrial Conference Order, including objections to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with **Judge Curiel** by **September 24, 2021**, and shall comply with Local Rule 16.1(f)(6).

9. The final Pretrial Conference is scheduled on the calendar of the **Honorable Gonzalo P. Curiel** on **October 1, 2021** at **1:30 pm**. The Court will set a trial date during the pretrial conference. The Court will also schedule a motion in limine hearing date during

the pretrial conference.

10.	The parties must review the chambers' rules for the assigned district judge and magistrate judge.

11.	Upon the parties' request, a post-trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

12.	The dates and times set forth herein will not be modified except for good cause shown.

**IT IS SO ORDERED.**

Dated:  January 27, 2021

_____
Honorable Allison H. Goddard
United States Magistrate Judge