UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFONSO and ARLENE MORAN, individually, and on behalf of a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>FCA US LLC, a Delaware limited liability company,<br><br>Defendant. | Case No.: 3:17-CV-02594-JO-AHG<br><br>Hon. Jinsook Ohta<br><br>**AMENDED ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT, PRELIMINARILY CERTIFYING SETTLEMENT CLASS, AND APPROVING CLASS NOTICE** |

**THIS MATTER** having been opened to the Court by Plaintiff's Unopposed Motion for Preliminary Approval ("Motion for Preliminary Approval") of the proposed Settlement ("Settlement") in the above Action;

**WHEREAS,** this Court has reviewed and considered the Motion for Preliminary Approval and supporting materials filed by Settlement Class Counsel; and

**WHEREAS,** this Court has fully considered the record and the requirements of law; and good cause appearing;

**IT IS THIS** __th day of ~~June~~ July 2022, **ORDERED** that the Settlement is hereby **PRELIMINARILY APPROVED.** The Court further finds and orders as follows:

1. The Court has subject matter jurisdiction under 28 U.S.C. § 1332(d), and venue is proper in this district.

2. The Court has personal jurisdiction over the Plaintiffs, Settlement Class Members, and the Defendant.

3. To the extent not otherwise defined herein, all defined terms in this Order shall have the meaning assigned in the Settlement Agreement ("Settlement Agreement").

4. The Court finds that the settlement is non-collusive, a product of arms'-length negotiations between counsel for Plaintiff and Defendant presided by over by an experienced Magistrate Judge. In reaching this finding of non-collusiveness, the Court considered "subtle signs" of collusion identified by *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011). The Court preliminarily finds that, apart from the agreement on attorneys' fees and costs, which is common in class action settlements, the settlement benefits are not dwarfed by the attorney's fees, and that the Settlement funds do not revert, supporting a finding of non-collusiveness.

5. The proceedings that occurred before the Parties reached resolution of this matter gave counsel the opportunity to adequately assess this case's strengths, weaknesses, and the risks to each Party and, thus, to structure the Settlement Agreement in a way that adequately accounts for those considerations.

<␇</␇

6. After careful review of the Settlement Agreement, the Court hereby finds that the Settlement Agreement is fair, reasonable, and adequate, and has no obvious deficiencies that preclude preliminary approval. Accordingly, the Court hereby preliminarily approves all terms of the Settlement Agreement and its Exhibits.

7. The Court preliminarily finds, for settlement purposes only, that all requirements of Fed. R. Civ. P. 23(a) and (b)(3) have been satisfied. As such, the Court hereby preliminarily certifies the following Settlement Class:

> All current residents of the United States (including territories of the United States) who, prior to the Preliminary Approval Date, purchased or leased new 2017-2021 Chrysler Pacifica vehicles equipped with a 3.6-liter V6 engine and a 9-speed automatic transmission that were originally sold in the United States (including territories of the United States).
>
> Excluded from this definition are (1) all owners or lessees of Class Vehicles who have filed and served litigation against FCA US LLC asserting problems with stalling in Class Vehicles that was pending as of the Notice Date and who do not dismiss their actions before final judgment and affirmatively elect to opt-in to the Settlement. However, Owners or lessees of Class Vehicles who dismiss such litigation and affirmatively opt-in to the Settlement shall be members of the Class for all purposes; (2) FCA US LLC's officers, directors, employees, affiliates and affiliates' officers, directors and employees; their distributors and distributors' officers, directors, and employees; and FCA US LLC Dealers and FCA US LLC Dealers' officers and directors; (3) judicial officers assigned to the Action and their immediate family members, and any judicial officers who may hear an appeal on this matter; (4) all entities and natural persons who have previously executed and delivered to FCA US LLC releases of their claims based on stalling in the Class Vehicles; (5) all parties to litigation against FCA US LLC alleging stalling in Class Vehicles in which final judgment has been entered; and (6) all those otherwise in the Class

who timely and properly exclude themselves from the Class as provided in the Settlement.

8. The Court conditionally certifies the proposed Settlement Class, and preliminarily finds that the requirements of Rule 23(a) are satisfied, for settlement purposes only, as follows: (a) Pursuant to Fed. R. Civ. P. 23(a)(1), the members of the Settlement Class are so numerous that joinder of all members is impracticable, (b) Pursuant to Fed. R. Civ. P. 23(a)(2) and 23(c)(1)(B), there are common issues of law and fact for the Settlement Class, (c) Pursuant to Fed. R. Civ. P. 23(a)(3), the claims of Plaintiffs Alfonso and Arlene Moran are typical of the claims of the Settlement Class that they represent, and (d) Pursuant to Fed. R. Civ. P. 23(a)(4), Plaintiffs will fairly and adequately protect and represent the interests of all members of the Settlement Class as the Class Representatives, and their interests are not antagonistic to those of the Settlement Class.

9. The Court further preliminarily finds that the requirements of Rule 23(b)(3) are satisfied, for settlement purposes only, in that, (a) common questions of law and fact pertaining to the Settlement Class Members predominate over questions that may affect only individual members; and (b) a class action is superior to other available methods for the fair and efficient adjudication of this controversy. The Court also concludes that, because the action is being settled rather than litigated, the Court need not consider manageability issues that might be presented by the trial of a nationwide class action involving the issues in this case. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

10. The Court hereby preliminarily appoints Plaintiffs Alfonso and Arlene Moran to serve as the Class Representatives for the Settlement Class.

11. The Settlement Class Representatives and Class are ably represented by counsel who are experienced and competent in the prosecution of complex class action litigation and have acted in their best interests. Accordingly, the Court hereby

preliminarily appoints Capstone Law APC to serve as Class Counsel for the Settlement Class.

12.     The Court also preliminarily appoints CPT Group as the Claims Administrator (hereinafter, "Settlement Administrator" or "Claims Administrator") to supervise and administer the Class Notice as well as the processing and review of Claims that are timely and properly submitted and comply with the terms of the Settlement.

13.     This Preliminary Approval Order shall neither preclude nor in any way affect Defendant's rights to assert that this action may not be certified as a class action, other than for settlement purposes only. The Court also concludes that, because the action is being settled rather than litigated, the Court need not consider manageability issues that might be presented by the trial of a nationwide class action involving the issues in this case. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

14.     The Court has reviewed the content of the proposed form of Class Notice attached to the Settlement Agreement as Exhibit A (Short Form Class Notice), Exhibit B (Long Form Class Notice), and Exhibit C (Publication Notice), and finds they satisfy Fed. R. Civ. P. 23(c)(2), Fed. R. Civ. P. 23(e)(1), and Due Process requirements and, accordingly, the Court hereby approves the proposed Class Notice.

15.     The Court further approves the proposed method for providing notice of the Settlement to the Settlement Class Members, as reflected in the plan for Class Notice in the Settlement Agreement. The Court has reviewed the Class Notice plan and finds that the Settlement Class Members will receive the best notice practicable under the circumstances. The Court specifically approves the Parties' proposal that, on an agreed upon date with the Claims Administrator, but in no event later than September 10, 2022 [seventy-five (75) days after entry of this order], the Claims Administrator shall cause individual Class Notice, substantially in the form attached to the Settlement Agreement as Exhibit A, to be mailed, by first class mail, to the current or last known addresses of all reasonably identifiable Settlement Class Members (the "Notice Date"). The Court specifically approves the procedures set forth in the Settlement Agreement for

identifying Settlement Class Members, and for re-mailing notice packets and performing advanced address searches for Settlement Class Members' addresses if returned as undeliverable. The Claims Administrator shall establish the Settlement Website as contemplated by the Settlement Agreement. The Court further approves the payment of notice costs as provided in the Settlement Agreement.

16. The Court finds that these procedures constitute the best notice practicable under the circumstances, including individual notice to all Class Members who can be identified with reasonable effort, and constitute valid, due, and sufficient notice to Class Members in full compliance with the requirements of applicable law, Fed. R. Civ. P. 23(c)(2) and (e)(1), and the Due Process Clause of the United States Constitution.

17. The Departments of Motor Vehicles within the United States and Puerto Rico are ordered to provide approval to Experian, or any other company so retained by the parties and/or the Claims Administrator, to release the names and addresses of Settlement Class Members in this action associated with the titles of the Vehicle Identification Numbers at issue in this action for the purposes of disseminating the Class Notice to the Settlement Class Members. Experian is ordered to license, pursuant to agreement between Defendant and Experian and/or the Claims Administrator and Experian, the Settlement Class Members' contact information to Defendant solely for the use of providing Class Notice in this action and for no other purpose.

18. Pending final determination of the joint application for approval of the Settlement Agreement, all proceedings in this Litigation, other than settlement approval proceedings, shall be stayed.

19. The Court directs that, pursuant to Fed. R. Civ. P. 23(e)(2), a final Fairness Hearing will be held on February 15, 2023, at 9:15 a.m., in Courtroom 4C of the United States District Court for the Southern District of California, Edward J. Schwartz United States Courthouse, 221 West Broadway, San Diego, California 92101, to consider: (a) the grant of final approval of the Settlement pursuant to the terms of the Settlement Agreement, (b) certification of the Settlement Class, (c) appointment of Plaintiffs as the

Settlement Class Representatives, (d) appointment of Class Counsel as Settlement Class Counsel, (e) appointment of CPT Group as the Settlement Administrator, (f) Class Counsel's Fee and Expense Application and Plaintiffs' Service Award Application, (g) any objections and/or requests for exclusion, and (h) entry of a Final Approval Order and Judgment. The Fairness Hearing may be adjourned by the Court, and the Court may address the above or other matters, without further notice to the Settlement Class other than notice that may be issued by the Court and/or on the Court's and settlement websites.

20. The Court directs that no later than January 11, 2023 [thirty-five (35) days prior to the Fairness Hearing], Settlement Class Counsel shall file their Motion for Final Approval of the Settlement. Class Counsel shall move for approval of attorney's fees, litigation expense reimbursements, and class representative service awards no later than October 26, 2022, fourteen (14) calendar days before the deadline to object.

21. The Court further directs that no later than February 8, 2023 [seven (7) days prior to the Fairness Hearing], Class Counsel may file any supplemental brief in further support of final approval.

22. Any Settlement Class Members wishing to object to the proposed Settlement or the requests for Class Counsel fees and expenses and/or the Class Representatives service award, must adhere to the following deadline and procedures for the objection to be considered:

    a) To object, a Settlement Class Member must, no later than November 9, 2022 [sixty (60) days after the Notice Date] (hereinafter, the "Objection Deadline"), file and serve a written objection, with all supporting documents and/or memoranda, with the Court and provide copies of the objections to the Claims Administrator at the address provided in the Short Form Class Notice. Upon receipt, the Claims Administrator shall promptly forward copies of all such objections to Class Counsel and counsel

for FCA US. Any objection to the Settlement Agreement must be individually and personally signed by the Class Member (if the Class Member is represented by counsel, the objection additionally must be signed by such counsel).

b) Any objecting Settlement Class Member must include with his/her/their/its objection:

   i. the objector's full name, address, and telephone number;

   ii. the model year and vehicle identification number of the Class Member's Class Vehicle, along with proof that the objector has owned or leased a Class Vehicle (*e.g.*, a true copy of a vehicle title, registration, or license receipt);

   iii. a written statement of all grounds for objection accompanied by any legal support for such objection;

   iv. copies of any papers, briefs, or other documents upon which the objection is based;

   v. a list of all cases in which the objector and/or his or her counsel has filed or in any way participated in—financially or otherwise—objections to a class action settlement in the preceding five years

   vi. the name, address, email address, and telephone number of all attorneys representing the objector; and

   vii. a statement indicating whether the objector and/or his or her counsel intends to appear at the Fairness Hearing, and if so, a list of all persons, if any, who will be called to testify in support of the objection.

c) Any Class Member who does not file a timely written objection to the Settlement and notice of his or her intent to appear at the Fairness

Hearing, or who fails to otherwise comply with the specifications set forth in the Settlement Agreement, shall be foreclosed from seeking any adjudication or review of the Settlement by appeal, collateral attack, or otherwise.

23. Any Settlement Class Member who wishes to be excluded from the Settlement Class must submit a request for exclusion ("Request for Exclusion") to the Claims Administrator at the address specified in the Class Notice, by first-class mail postmarked no later than November 9, 2022 [sixty (60) days after the Notice Date]. Class Members who wish to be excluded from the Class must do so with respect to all Class Vehicles they own(ed) or lease(d); Class Members may not exclude themselves from the Class with respect to some Class Vehicles and include themselves in the Class with respect to other Class Vehicles.

24. To be effective, the Request for Exclusion must be sent via first-class U.S. Mail to the specified address and must:

    a) include the Class Member's full name, address and telephone number;

    b) identify the model year and vehicle identification number of the Class Member's Class Vehicle(s);

    c) specifically and unambiguously state his/her/their/its desire to be excluded from the class in *Moran v. FCA US LLC*; and

    d) be individually and personally signed by the Class Member (if the Class Member is represented by counsel, the Request for Exclusion additionally must be signed by such counsel).

25. Any Class Member who fails to submit a timely and complete Request for Exclusion to the proper address shall be subject to and bound by this Settlement Agreement and every order or judgment entered pursuant to this Settlement Agreement. Any purported Request for Exclusion sent to such address that is ambiguous or internally inconsistent with respect to the Class Member's desire to be excluded from the Class will

be deemed invalid unless determined otherwise by the Court.

26. The Claims Administrator will receive purported Requests for Exclusion and will follow guidelines developed jointly by Class Counsel and FCA US's counsel for determining whether they meet the requirements of a Request for Exclusion. Any communications from Class Members (whether styled as an exclusion request, an objection, or a comment) as to which it is not readily apparent whether the Class Member meant to exclude himself/herself from the Class will be evaluated jointly by Class Counsel and FCA US's counsel, who will make a good faith evaluation, if possible. Any uncertainties about whether a Class Member is requesting exclusion from the Class will be resolved by the Court.

27. The Claims Administrator will maintain a list of all Requests for Exclusion and shall report the names and addresses of all such entities and natural persons requesting exclusion to the Court, FCA US's counsel, and Class Counsel seven days prior to the Fairness Hearing, and the list of entities and natural persons deemed by the Court to have excluded themselves from the Class will be attached as an exhibit to the Final Order and Judgment.

28. Each owner or lessee of a Class Vehicle with a pending lawsuit against Defendant alleging problems with stalling in a Class Vehicle in which final judgment has not yet been entered and who dismiss such litigation and affirmatively opt-in to the Settlement shall be members of the Class for all purposes.

29. The Claims Administrator will maintain a list of all owners or lessees of Class Vehicles with lawsuits against FCA US alleging stalling in Class Vehicles pending on the Notice Date in which final judgment has not yet been entered who opt-in to the Settlement.

30. Upon final approval of the Settlement, all Settlement Class Members who have not timely and properly excluded themselves from the Settlement shall be deemed to have, and by operation of the Final Order and Judgment shall have, fully and completely released, acquitted, and discharged all Released Parties from/for all Released

Claims as set forth in the Settlement Agreement.

31. Pending the Final Fairness Hearing and the Court's decision whether to finally approve the Settlement, no Settlement Class Member, either directly, representatively, or in any other capacity, shall commence, continue, prosecute, continue to prosecute, or participate in, against any of the Released Parties (as defined in the Settlement Agreement), any action or proceeding in any court or tribunal asserting any of the matters, claims or causes of action that are to be released in the Settlement Agreement. Pursuant to 28 U.S.C. §§ 1651(a) and 2283, the Court finds that issuance of this preliminary injunction is necessary and appropriate in aid of the Court's continuing jurisdiction and authority over the Action.

32. In the event the Settlement is not approved by the Court, or for any reason the parties fail to obtain a Final Order and Judgment as contemplated in the Settlement, or the Settlement is terminated pursuant to its terms for any reason, then the following shall apply:

  (a) All orders and findings entered in connection with the Settlement shall become null and void and have no further force and effect, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in this or any other proceeding, judicial or otherwise;

  (b) All of the Parties' respective pre-Settlement claims, defenses and procedural rights will be preserved, and the parties will be restored to their positions *status quo ante*;

  (c) Nothing contained in this order is, or may be construed as, any admission or concession by or against Defendant, Released Party, or Plaintiffs on any claim, defense, or point of fact or law;

  (d) Neither the Settlement terms nor any publicly disseminated information regarding the Settlement, including, without limitation, the Class Notice, court filings, orders, and public statements, may be used as evidence in this or any other proceeding, judicial or otherwise;

    (e)    Neither the fact of, nor any documents relating to, either party's withdrawal from the Settlement, any failure of the Court to approve the Settlement, and/or any objections or interventions may be used as evidence; and

    (f)    The preliminary certification of the Settlement Class pursuant to this order shall be vacated automatically, and the Action shall proceed as though the Settlement Class had never been preliminarily certified.

33.    The Parties and their counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with the Preliminary Approval Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the Settlement, to the form and content of the Class Notice or to any other exhibits that the Parties jointly agree are reasonable and necessary.

**IT IS SO ORDERED.**

Dated: 7/13/22

_____
Hon. Jinsook Ohta
United States District Judge