# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFONSO and ARLENE MORAN, individually, and on behalf of a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>FCA US LLC, a Delaware limited liability company,<br><br>Defendant. | Case No.: 3:17-CV-02594-JO-AHG<br><br>Hon. Jinsook Ohta<br><br>**[PROPOSED] ORDER GRANTING MOTION FOR ATTORNEYS' FEES, COSTS, AND CLASS REPRESENTATIVE SERVICE AWARDS**<br><br>Date:   February 15, 2023<br>Time:  9:15a.m.<br>Place:  Courtroom 4C |

# ORDER

On February 15, 2023, this Court conducted a hearing on Plaintiffs' Motion for Attorneys' Fees, Costs, and Class Representative Service Awards. Having carefully considered the papers, evidence, and arguments presented by the parties, the Court finds, and orders, as follows:

1. Plaintiffs have entered into a proposed Settlement Agreement with Defendant FCA US LLC ("Defendant" or "FCA") that has been preliminarily approved by separate order as fair, adequate, and reasonable to the certified Settlement Class. Plaintiffs now seek entry of an order for attorneys' fees, costs, and service awards.

2. The Court exercises diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. Accordingly, Plaintiffs' right to an award of attorneys' fees and costs, as well as the method of calculating the amount of that award, is governed by California law. *Mangold v. California Public Utilities Commission*, 67 F.3d 1470, 1478 (9th Cir. 1985). The Court finds that Plaintiffs are the prevailing parties for settlement purposes, having achieved a Settlement that provides substantial relief and benefits for Class Members. Plaintiffs are therefore entitled to an award of attorneys' fees and costs/expenses under California law.

3. The Court applies California's lodestar/multiplier method to calculate the appropriate attorneys' fees to be awarded to Plaintiffs. Under this method, the Court first determines the lodestar by multiplying the number of hours Class Counsel reasonably spent by reasonable hourly rates. Also under this method, the Court may then apply a multiplier to the lodestar.

4. The Court has reviewed Plaintiffs' submission and finds that Class Counsel's time was reasonably spent and that their hourly rates are commensurate with the hourly prevailing rates for private attorneys in the community conducting class action litigation. Multiplying the documented hours Class Counsel reasonably spent litigating this case by their hourly rates, the Court finds that Class Counsel's $1,066,528.50 lodestar is reasonable.

5.   Because Plaintiffs seek an amount in fees that is less than what is actually billed, the requested fee amount is reasonable and appropriate. Applying a negative multiplier of .65 to Class Counsel's lodestar of $1,066,528.50 yields the requested fee amount of $688,920.60, which the Court finds to be reasonable attorneys' fees for the services rendered.

6.   Federal Rule of Civil Procedure 54 governs the determination of costs and expenses in a diversity action in federal court. *Aceves v. Allstate Ins. Co.*, 68 F.3d 1160, 1167 (9th Cir. 1995). The Court has reviewed the evidence of Class Counsel's costs and expenses and concludes that they were reasonably necessary to the conduct of the litigation, and are the type of expenses that firms ordinarily bill to a paying client. The Court therefore awards Class Counsel their requested costs and expenses in the sum of $146,079.40.

7.   The Court finds Plaintiffs have rendered services on behalf of the Settlement Class, and therefore the Court hereby awards each Plaintiff a service award of $10,000. *See In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 943 (9th Cir. 2015).

8.   The Court hereby **GRANTS** Plaintiffs' motion for attorney fees, costs, and service awards as stated above, and awards a total of $835,000 in attorneys' fees and costs combined, and $10,000 for each service award.

**IT IS SO ORDERED.**

Dated: 2/21/23

Hon. Jinsook Ohta
United States District Judge