# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFONSO and ARLENE MORAN, individually, and on behalf of a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>FCA US LLC, a Delaware limited liability company,<br><br>Defendant. | Case No.: 3:17-CV-02594-JO-AHG<br><br>**CLASS ACTION**<br><br>Hon. Jinsook Ohta<br><br>[~~PROPOSED~~] **FINAL APPROVAL ORDER AND ORDER TO ENTER JUDGMENT** |

Having considered Plaintiffs' Motion for Final Approval of Class Action Settlement (Dkt. 119) and attachments thereto (the "Motion"), which include the parties' Settlement Agreement ("Settlement Agreement") and supporting Declarations; Class Counsel's Fee and Expense Application and Plaintiffs' Service Award Application (Dkt. 116) and exhibits thereto; the Declaration of Tarek H. Zohdy and exhibits thereto; and the Court, having previously granted preliminary approval of the Class Settlement on July 13, 2022 and, pursuant to the Amended Order Granting Preliminary Approval of Settlement, Preliminarily Certifying Settlement Class, and Approving Class Notice ("Preliminary Approval Order") (Dkt. 115), provisionally certifying, for settlement purposes only, the proposed Settlement Class pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, and having directed the dissemination of Class Notice pursuant to the approved plan for Class Notice, which the Court has determined to be the best notice practicable under the circumstances and comporting in all respects with Fed. R. Civ. P. 23(e) and due process; and the Court, being satisfied that Class Notice has been disseminated timely and properly; and the Court, having received no objections to the proposed Class Settlement, and having held a final fairness hearing on February 15, 2023; and the Court, having carefully considered all of the submissions and arguments of the parties and being fully advised in the premises, hereby finds and orders as follows:

1. **Certification of Class.** The Court finds that, for purposes of Settlement, the applicable prerequisites for class action treatment under Fed. R. Civ. P 23(a) and 23(b)(3) are satisfied, to wit: The Settlement Class as defined in Section I.L. of the Settlement Agreement, as well as below, are so numerous that joinder of all members is not practicable; questions of law and fact are common to the Settlement Class; the Settlement Class Representatives' claims are typical of the Settlement Class's claims; the Settlement Class Representatives and Class Counsel

have fairly and adequately represented, and will continue to fairly and adequately represent, the interests of the Settlement Class; questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members; and a class action is superior to other available methods for fairly and efficiently adjudicating this controversy. The Court need not consider manageability issues that might be presented by the trial of a nationwide class action involving the issues in this case because the action is being settled rather than litigated. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997); *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 556, 568 (9th Cir. 2019) (en banc).

2. **Notice of the Class Action Settlement**. The Court finds that, as demonstrated by the Declaration of Jeremy Talavera and counsel's submissions, Notice to the Settlement Class was timely and properly effectuated in accordance with Fed. R. Civ. P. 23(e) and the approved Class Notice plan set forth in the Court's Preliminary Approval Order. The Court also finds that said Notice constitutes the best notice practicable under the circumstances and satisfies all Rule 23(e) and due process requirements.

3. **CAFA Notice.** The Court finds that, in accordance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"), and as set forth by the Declaration of Jeremy Talavera, FCA US properly and timely caused to be mailed a copy of the proposed class action Settlement and all other documents required by law to the Attorney General of the United States and the State Attorneys General in each jurisdiction where class members reside. No Attorney General has filed objections to the Settlement.

4. **Defined Terms of the Settlement Agreement**. Unless otherwise defined herein, the terms used in this Order shall have the same meaning as set forth in the Settlement Agreement, if defined therein.

5.  **The Settlement is Fair, Reasonable and Adequate.** The Court finds the Settlement satisfies Fed. R. Civ. P. 23 in all respects and is fair, reasonable, and adequate. The Court finds the Settlement provides substantial benefits to the Class, including the following:

(a) Defendant expanded the Class Vehicles' 5-year/60,000-mile powertrain warranty to include the crankshaft position sensor, thereby extending coverage for repair or replacement of engine crankshaft synchronization sensors;

(b) The Settlement provides for reimbursement to Class Members for their out-of-pocket costs paid to repair their Class Vehicle's crankshaft position sensors if the Class Members purchased or leased their Class Vehicles more than five (5) years before the Effective Date of Settlement and before the Class Vehicle reached 60,000 miles;

(c) FCA shall certify that all replacement crankshaft position sensors installed from the date of Final Settlement Approval are Part Number 68079375AD, or a subsequent iteration; and

(d) Class Members are entitled to an expedited, binding Arbitration for claims seeking a vehicle repurchase or replacement based in whole or in part on alleged defects in the Class Vehicles related to stalling.

6.  The Settlement is particularly beneficial and appropriate when considering the facts and circumstances of this case, the claims and defenses asserted, and the risks of non-recovery or reduced recovery, non-class certification, and potential recovery delays associated with continued litigation of these claims.

7.  **The Settlement is the Result of Extensive Arm's-Length Negotiations and is Not the Product of Collusion.** The Court further finds that the Settlement was entered into as a result of extensive arm's-length negotiations of highly disputed claims, among experienced class action counsel on both sides. The Settlement was also negotiated with the assistance of an experienced and highly

1  respected Magistrate Judge, Alison H. Goddard. The Settlement was entered into
2  with a sufficient understanding by counsel of the strengths and weaknesses of their
3  respective cases, and of the potential risks versus benefits of continued litigation,
4  including but not limited to the ability to establish and burden of establishing
5  liability, alleged damages, class certification, and maintenance of class certification
6  through trial and appeal.

7  8. The Court has considered the factors discussed in *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011) and related decisions, and finds the Settlement was entered into in good faith and was not the product of any collusion between the parties or counsel, whether subtle or otherwise. The Court finds that, despite a "clear-sailing" provision, which is common in class action settlements, the Settlement benefits are not dwarfed by the attorneys' fees and the Settlement funds do not revert, further supporting a finding of non-collusiveness, and that attorneys' fees and expenses were not negotiated until after the parties had reached an agreement on the material terms of the Settlement.

9. As set forth in the Settlement Agreement, the Court finds that the Settlement does not and shall not constitute any admission, acknowledgement, or evidence of any wrongdoing or liability on the part of Defendant or any Released Party, or of the merit of any claim or allegation that was or could have been asserted in this Action.

10. **Objections and Requests for Exclusion.** There are approximately 725,817 Settlement Class Members. Class Notice was timely and properly implemented pursuant to the Preliminary Approval Order. The Court has received no objections to the Settlement. In addition, only 194 Settlement Class Members submitted timely and valid requests for exclusion from the Settlement. The Court finds that the lack of objections and small number of exclusion requests demonstrate

strongly that the Class favors the Settlement, which further supports the finding herein that the Settlement is fair, reasonable, and adequate.

11. The Court has considered, and hereby determines, that the 88 requests for exclusion collectively identified in the Supplemental Declaration of Jeremy Talavera dated February 20, 2023, are invalid because they are late and/or deficient. These requests for exclusion are hereby rejected.

**IT IS THEREFORE ORDERED THAT:**

The Court certifies, for the purpose of this Settlement, a Settlement Class consisting of the following:

> All current residents of the United States (including territories of the United States) who, prior to the Preliminary Approval Date, purchased or leased new 2017-2021 Chrysler Pacifica vehicles equipped with a 3.6-liter V6 engine and a 9-speed automatic transmission that were originally sold in the United States (including territories of the United States).
>
> Excluded from the Settlement Class are (a) all owners or lessees of Class Vehicles who have filed and served litigation against FCA asserting problems with stalling in Class Vehicles that was pending as of the Notice Date and who do not dismiss their actions before final judgment and affirmatively elect to opt-in to the Settlement. However, Owners or lessees of Class Vehicles who dismiss such litigation and affirmatively opt-in to the Settlement shall be members of the Class for all purposes; (b) FCA's officers, directors, employees, affiliates and affiliates' officers, directors and employees; their distributors and distributors' officers, directors, and employees; and FCA Dealers and FCA Dealers' officers and directors; (c) judicial officers assigned to the Action and their immediate family members, and any judicial officers who may hear an appeal on this matter; (d) all entities and natural persons who have previously executed and delivered to FCA releases of their claims based on stalling in the Class Vehicles; (e) all parties to litigation against

FCA alleging stalling in Class Vehicles in which final judgment has been entered; and (f) all those otherwise in the Class who timely and properly exclude themselves from the Class as provided in the Settlement.

12. The Class certified for the purposes of settlement satisfies all of the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3). The Court finds that (a) the Class of 725,817 Class Members is sufficiently numerous so that joinder would be impracticable; (b) that primary issues in this litigation, namely, whether Class Vehicles suffer from defects related to the stalling defect, whether and when Defendant had knowledge of the alleged defect, whether Defendant had a legal obligation to disclose the defect, and whether Defendant had the legal obligation to repair the defect under warranty, are common to the Class; (c) Plaintiffs' claims are co-extensive with that of Class Members and are thus typical; (d) Plaintiffs and Class Counsel have adequately represented the Class, and there is no conflict between Plaintiffs and Class Counsel and other Class Members. The Court also finds a common nucleus of facts regarding the alleged omissions and warranty claims predominate over individual issues, and that a class action is superior because the Settlement obviates the need for further litigation or trial.

13. The Settlement Agreement submitted by the Parties is, in all respects, finally approved pursuant to Fed. R. Civ. P. Rule 23(e) as fair, reasonable, adequate, and in the best interest of the Settlement Class.

14. The Court excludes from the Settlement and Release, on the basis of their timely and valid requests for exclusion, the 194 Settlement Class Members identified in the Declaration of Jeremy Talavera. All other requests for exclusion are hereby rejected.

15. The Parties are directed to perform all obligations under the Settlement Agreement in accordance with its terms.

16. The Parties and each person or entity within the Settlement Class are hereby bound in all respects by the terms and conditions of the Settlement Agreement, including but not limited to the Released Claims against all Released Parties contained therein, except for those persons or entities who have duly and timely excluded themselves from the Settlement.

17. The Action is hereby dismissed, with prejudice and without costs.

18. This Final Approval Order has been entered without any admission by any Party as to the merits of any allegation in this Action and shall not constitute a finding of either fact or law as to the merits of any claim or defense that was or could have been asserted in the Action. Nothing in this Final Approval Order and Judgment, the Settlement Agreement, the underlying proceedings, or any documents, filings, submissions or statements related thereto, is or shall be deemed, construed to be, or argued as, an admission, or evidence, of any liability, wrongdoing or responsibility on the part of the Defendant or any Released Party, or of any allegation or claim asserted in this Action, all of which are expressly denied by Defendant.

19. The Released Claims, as set forth in the Settlement Agreement, are hereby fully, finally, and forever deemed released, discharged, acquitted, compromised, settled, and dismissed with prejudice against Defendant and all Released Parties. Thus, upon the Effective Date of the Settlement, and except for the rights and entitlements created by the Settlement, including those under Section II of the Settlement Agreement, the Plaintiffs and each Class Member shall be deemed to have, and by operation of the Final Order and Judgment shall have, released, waived, and discharged the Released Parties from his, her, or its Released Claims as defined in the Settlement, except with respect to claims that qualify for the Arbitration Program. This release, and the rights and entitlements created by this

Settlement, including those under Section II, will run with the vehicle if the Class Member sells the Class Vehicle.

20. The Court, having conditionally appointed Plaintiffs Alfonso and Arlene Moran as representatives of the Settlement Class ("Settlement Class Representatives") in the Preliminary Approval Order, hereby grants final approval of, and appoints, Alfonso and Arlene Moran as Settlement Class Representatives. The Court approves and awards $10,000 to each Plaintiff for their services on behalf of the Class. The Court finds the Class Representatives have diligently represented the Class's interests throughout the litigation and do not have an actual conflict with the Class Members

21. The Court, having conditionally appointed Class Counsel for the Settlement Class in the Preliminary Approval Order, hereby grants final approval of, and appoints, the law firm of Capstone Law APC as Class Counsel for the Settlement Class ("Class Counsel" or "Settlement Class Counsel"). The Court finds Class Counsel does not have an actual conflict with the Class Members and have diligently represented the Class's interests throughout the litigation. The Court awards $835,000 in attorneys' fees and expenses to Class Counsel.

22. The Court, having conditionally approved CPT Group as the Settlement Administrator, hereby grants final approval of, and appoints, CPT Group as the Settlement Administrator to effectuate its duties and responsibilities set forth in the Settlement Agreement. After the Effective Date, Defendant may retain a different Claims Administrator with the agreement of Class Counsel, or, absent agreement, with approval of the Court on a showing of good cause.

23. The Court has carefully reviewed, and hereby approves, the request for a service award of ten thousand dollars ($10,000.00) each to Plaintiffs Alfonso and Arlene Moran as reasonable payments for their efforts as Settlement Class Representatives on behalf of the Settlement Class, said service award to be paid by

1. Defendant in the manner provided in the Settlement Agreement. Said payment shall duly, completely, and forever satisfy, release, and discharge any and all obligations of Defendant, and any Released Party, with respect to the Settlement Class Representative service awards.

24. In addition, the Court has carefully reviewed, and hereby approves, Class Counsel's request for an award of reasonable attorneys' fees, costs and expenses in the collective combined total amount of eight hundred and thirty-five thousand dollars ($835,000.00) (collectively, the "Fee and Expenses Award"), which amount shall be paid by Defendant within the time, and in the manner, set forth in the Settlement Agreement. The Court finds said Fee and Expense Award to be reasonable and consistent with applicable law. The payment by Defendant of said Fee and Expense Award shall constitute full and complete satisfaction of, and shall duly, completely, and forever release and discharge the Defendant and all Released Parties from, and with respect to, any and all obligations for the payment of any and all attorney fees, costs, and expenses in connection with this Action and controversy.

25. Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement, this Order, and any obligations thereunder.

26. Plaintiffs and each and every Settlement Class Member (other than the 194 Settlement Class Members who submitted timely and valid requests for exclusion, the), are hereby permanently barred and enjoined from commencing or prosecuting any action, suit, proceeding, claim, or cause of action asserting the Released Claims in any court or before any tribunal. This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement, this Final Approval Order and Judgment, and this Court's authority to enforce and effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to

protect its judgments. However, this provision will not bar any communications with, or compliance with requests or inquiries from, any governmental authorities.

27. All Class Members who have not made their objections to the Settlement in the manner provided in the Class Notice are deemed to have waived any objections by appeal, collateral attack, or otherwise.

28. Without affecting the finality of the Final Approval Order and Final Judgment thereon in any away, the Court retains continuing and exclusive jurisdiction over the Parties, including all Class Members, to enforce the terms of the Final Approval Order and Final Judgment, and shall have continuing jurisdiction over the construction, interpretation, implementation, and enforcement of the Settlement Agreement.

29. The Court finds that no just reason exists for delay in entering the Final Judgment. Accordingly, the Clerk is hereby directed to enter Final Judgment.

IT IS SO ORDERED.

Dated: 2/21/23

Hon. Jinsook Ohta
United States District Judge